IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC FLORES,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES ATTORNEY<br>GENERAL, *et al.*,<br><br>    Defendants. | Case No. 2:12-cv-987-MEF<br>(WO—Do Not Publish) |

**ORDER**

    This cause comes before the Court on the Federal Tort Complaint Against Torture (Doc. #1) and Application to Proceed in Forma Pauperis (Doc. #2) filed by Plaintiff Eric Flores on November 7, 2012. In his Complaint, Plaintiff, purportedly acting in a representative capacity for a "protected class of Mexican American citizens of the United States," claims that various "diplomatic persons of another nation that have solicitated [sic] an organized group of executive employees of the federal government that are persons of white American national origin whom reside in the geographic location of Montgomery, Alabama" have used "advanced technology with a direct signal to the satellite in outerspace that has the capability of calculateing [sic] a genetic code" to cause Plaintiff, various members of his family, and several of his friends to suffer severe mental and physical pain, including back, heart, eye, and ear pain and body temperatures of more than 110% [sic] degrees, and to commit various acts, including using illicit drugs, wrecking their cars,

shooting other individuals, and having "valgur [sic] language" communicated directly into their minds to "harasse [sic]" them. (Doc. #1, ¶ (7) Statement of Facts.) Plaintiff requests that this Court order emergency injunctive relief "that will protect the serviveing [sic] members of the protected class of Mexican American citizens of the United States" from further torture. *Id.* Given the nature and immediacy of Plaintiff's requested relief, the Court will construe Plaintiff's Complaint as a Motion for a Temporary Restraining Order and will evaluate this pleading in such context.

Rule 65 of the Federal Rules of Civil Procedure restricts a court's ability to grant a temporary restraining order. To overcome the restrictions contained in Rule 65, a plaintiff must make clear from "specific facts in an affidavit or a verified complaint . . . that immediate and irreparable injury, loss, or damage will result to the movant." Fed. R. Civ. P. 65(b)(1)(A). The Eleventh Circuit has held that this requires the plaintiff to show the following: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the moving party outweighs whatever damages the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). A temporary restraining order is "an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion" as to each of these four elements. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted). Even construing Plaintiff's Complaint liberally, as the Court must do with *pro se* litigants, *see Alba v.*

*Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), the Court finds that Plaintiff has wholly failed to meet his burden of persuasion in establishing any of the above factors and, consequently, cannot meet an essential requirement of Rule 65.

Based on the foregoing, it is hereby ORDERED that Plaintiff's Federal Tort Complaint Against Torture (Doc. #1), which the Court construes as a Motion for a Temporary Restraining Order, is DENIED. The Court further finds that this pleading is more appropriately considered a request for a preliminary injunction and a claim for permanent injunctive relief. Accordingly, it is ORDERED that this case is REFERRED to the assigned Magistrate Judge for action or recommendation on all pretrial matters.

DONE this the 9th day of November, 2012.

                                                    /s/ Mark E. Fuller
                                   UNITED STATES DISTRICT JUDGE